Austin Unemployment Compensation Case.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Gladys M. Austin,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal from the decision of the Unemployment Compensation Board of Review, which concluded that the claimant was eligible to receive benefits in the amount of $16 per week under the provisions of Section 404 (a) of the Unemployment Compensation Law of December 5, 1936, P. L. 2897, as amended, 43 PS §804 (a).

The claimant established a base year consisting of the fourth quarter of 1955 and the first, second and third quarters of 1956; that during this base year the claimant's total wages were $705.70, with the wages of the highest quarter, the third quarter of 1956, amounting to $395.50.

Based on these facts the bureau of unemployment compensation, the referee, and the board of review, all concluded that the claimant was eligible to receive benefits in the amount of $16 per week.

The compensation authorities arrived at this figure by the application of the provisions of section 404 (a) and section 404 (e) of the act. Section 404 (a) provides as follows:

"Rate and Amount of Compensation—Compensation shall be paid to each eligible employe in accordance with the following provisions of this section . . .

"(a) The employe's weekly benefit rate shall be computed as (1) one twenty-fifth of his 'highest quarterly wage' in accordance with Part A of the Table Specified for the Determination of Rate and Amount of Benefits, or (2) fifty per centum (50%) of his fulltime weekly wage, whichever is greater; or, if his base year wages are insufficient to qualify him for compensation by either of these methods, his weekly benefit rate shall be determined as (3) that rate appearing in Part B of the table, on the line on which in Part C appears the amount of qualifying wages which most nearly approximates, but does not exceed, his base year wages."

A reading of the above quoted section of the act shows that it is necessary to consult the table specified for the determination of rate and amount of benefits set forth in section 404 (e) which, so far as it relates to the problem in this case, reads as follows:

| Part A Highest Quarterly Wage | Part B Rate of Compensation | Part C Qualifying Wages | Part D Amt. of Compensation |
|---|---|---|---|
| $120-262 | $10 | $320 | $300 |
| 263-287 | 11 | 333 | 330 |
| 288-312 | 12 | 367 | 360 |
| 313-337 | 13 | 402 | 390 |
| 338-362 | 14 | 439 | 420 |
| 363-387 | 15 | 476 | 450 |
| 388-412 | 16 | 514 | 480 |
| 413-437 | 17 | 553 | 510 |
| 438-462 | 18 | 592 | 540 |
| 463-487 | 19 | 633 | 570 |
| 488-512 | 20 | 675 | 600 |

The appellant claimant contends that because she cannot establish a full time weekly wage that her benefits should be computed under section 404 (a) (3), "that rate appearing in Part B of the table, on the line on which in Part C appears the amount of qualifying wages which most nearly approximates, but does not exceed, his base year wages," and based on the amount of her total base year earnings of $705.70, her weekly benefits, so computed, would be $20 per week.

We agree with the board that the formula provided by the law supports its conclusion that the claimant is entitled to only $16 per week. The board followed the clear intent of the act which provides three separate methods for arriving at weekly benefits. The first two set forth in 404 (a) (1) and 404 (a) (2) are in the alternative and permit the claimant the benefit of the highest weekly payment computed under either method. In this case by computing her benefits under (a) (1), the highest quarterly wage amounting to $395.50, then according to "part (a) of the table specified for

the determination of rate and amount of benefits" as set forth above, her weekly benefits amount to $16 per week. Section 404 (a) (2) is not applicable to this case and the claimant is unable to take advantage of this provision providing for 50% of her full time weekly wage, if that would amount to more than $16 per week, because of her inability to establish a full time weekly wage.

Section 404 (a) (3), can only be used if her base year wages are insufficient to qualify her under either 404 (a) (1) or 404 (a) (2). This clearly is a saving clause to allow claimants, who do not have sufficient qualifying wages under the two other methods, to qualify for benefits at a lower weekly rate.

The decision of the Unemployment Compensation Board of Review is affirmed.