McGuire Unemployment Compensation Case.

Argued September 15, 1959.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Edward A. McGuire,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., November 11, 1959:

This is an appeal by a claimant from an order of the Unemployment Compensation Board of Review denying him second year benefits.

The claimant, Edward A. McGuire, was last employed by the Philadelphia Daily News in April 1957. He was laid off due to lack of work after earning $281.60. He had previously been employed by The Bulletin, where his last day of employment was March 29, 1957. At that time he received severance pay of

$3472, representing a period of thirty-one weeks at $112 per week.

As required by the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended 43 PS §751 et seq., The Bulletin reported taxable wages for the appellant of $1458 for the first quarter of 1957 (earned in that quarter and paid in wages), and $1542 for the second quarter (part of the severance pay), a total of $3000, which was the maximum annual salary upon which the unemployment compensation tax was imposed. See 43 PS §753(x)(1). No wages were paid to the claimant during the third and fourth quarters of 1957, and no tax was paid upon any wages allocable to these quarters.

At the expiration of the thirty-one weeks, November 15, 1957, the claimant filed an unemployment compensation claim and received the maximum benefits.

A year later, on November 19, 1958, without intervening employment, the claimant filed an application for second year benefits. The bureau, referee and board denied the second year benefits on the ground that he "had no taxable earnings during his base year, the period from July 1, 1957 to June 30, 1958."

To qualify for benefits, the claimant must have been paid wages within the base year for employment equal to not less than thirty times his weekly benefit rate. See section 401(a) of the Law, as amended, 43 PS §801.

The claimant's "base year" in this case, determined through statutory definition of the term and further statutory definition of words and phrases in the definition, is July 1, 1957 to June 30, 1958. See §4(a) of the Law, as amended, 43 PS §753.

The sole question in this case is whether during that period the claimant was paid wages.

Section 4(x) of the Unemployment Compensation Law, as amended, 43 PS §753 provides as follows:

" 'Wages' means all remuneration, (including the cash value of mediums of payment other than cash), paid by an employer to an individual with respect to his employment except that the term 'wages' shall not include:

"(1) ...

"Remuneration paid by an employer in excess of the amount on which contributions are required to be paid may not be considered in determining the compensation rights of an individual under this act. Remuneration paid by an employer on which contributions are required to be paid shall be considered in determining the compensation rights of an individual and for such purpose may be allocated in accordance with rules and regulations of the department to any calendar quarter in which the individual earned remuneration from such employer: . . ."

The appellant contends that since his employer reported $3000 in earnings during the first and second quarters of 1957, the bureau should have allocated the untaxed portion of the $3472 severance pay to the third and fourth quarters of 1957. Section 4(x)(1) of the Unemployment Compensation Law, supra, provides that an employer is required to pay contributions and report wages in the quarters that they are paid up to $3000, and that compensation rights can only be established if the claimant had wages paid to him during the entire base year. The appellant received his severance pay in a lump sum on March 29, 1957, and in accordance with the requirements of the Law, the employer reported the total amount of the separation pay for the second quarter of 1957. As the remuneration for which McGuire is claiming wage credit was outside his base year and cannot be allocated to the calendar quarters within his base year, the board properly concluded that the appellant had no base year wages.

During the base year he rendered no services, he received no wages, and no tax was paid upon that part of the severance pay which the board allocated to a period within the base year for the purpose of determining whether he was unemployed under section 4(u) of the Law, 43 PS §753.

Section 4(u) of the Law, 43 PS §753, defining 'unemployed', provides: *"For the purpose of this subsection . . .* separation allowances . . . shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department."* (Emphasis supplied) This allocation of severance pay to determine whether and when the claimant is unemployed does not relate to, nor control, the determination of whether the claimant was paid wages during his base year.

Decision affirmed.