## Kissell Unemployment Compensation Case.

Argued March 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Lewis G. Kissell,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 24, 1960:

This is an unemployment compensation case in which the unemployment compensation authorities denied benefits to the claimant, Lewis G. Kissell, because he had insufficient earnings in his base year to qualify under the provisions of Section 404 of the Unemployment Compensation Law, 43 PS §804.

Kissell was last employed by the Interstate Amesite Company, on October 1, 1958. He established a base year consisting of the fourth quarter of 1957 and the

first, second and third quarters of 1958. He did not earn anything in the first three quarters, but earned $763.87 in the fourth quarter, so that his total base year earnings and his highest quarterly wages are the same, amounting to $763.87.

Section 404(a) of the law, establishes a preliminary formula for determining a claimant's weekly benefit amount on the basis of his weekly earning experience. He is permitted to establish this from his highest quarterly wages or by 50% of his full-time weekly wage, whichever is higher.

In order to make the computation it is necessary to consult the table specified for the determination of the rate and amount of benefits as set forth in Section 404(e) which, so far as it relates to our problem, reads as follows:

"TABLE SPECIFIED FOR THE DETERMINATION OF RATE AND AMOUNT OF BENEFITS
(Section 404(e) of the Unemployment Compensation Law)

| PART A Highest Quarterly Wage | PART B Rate of Compensation | PART C Qualifying Wages | PART D Amount of Compensation |
|---|---|---|---|
| $488-512 | 20 | 675 | 600 |
| 513-537 | 21 | 718 | 630 |
| 538-562 | 22 | 763 | 660 |
| 563-587 | 23 | 808 | 690 |
| 588-612 | 24 | 855 | 720 |
| 613-637 | 25 | 903 | 750 |
| 638-662 | 26 | 952 | 780 |
| 663-687 | 27 | 1003 | 810 |
| 688-712 | 28 | 1055 | 840 |
| 713-737 | 29 | 1109 | 870 |
| 738-762 | 30 | 1164 | 900 |
| 763-787 | 31 | 1221 | 930" |

The claimant's highest quarterly earnings of $763.87 under "Part A" can qualify him for benefits under "Part B" in the amount of $31 per week, provided his total base year wages amount to at least $1221 as set forth in "Part C". It is apparent he cannot qualify by this method. It is evident, too, that even if the claimant could demonstrate a full time weekly wage, such method would increase his monthly benefits but would also increase the qualifying total base year wages necessary for benefits.

Section 404(a) further provides, that if the claimant is unable to qualify by the first two methods, his weekly benefits shall be determined as, "3. that rate appearing in 'Part B' of the table, on the line on which in 'Part C' appears the amount of qualifying wages which most nearly approximates, but does not exceed, his base year wages."

Section 404(a) provides the basis for establishing the claimant's potential weekly rate and the qualifying amount of base year wages. Section 404(c) provides the basis for establishing the claimant's benefits if he does not have sufficient base year wages to qualify under Section 404(a) for the higher weekly benefit rate but does have the minimum qualifying amount of base year wages for a lower weekly benefit rate, and reads as follows: "(c) Any otherwise eligible employe shall be entitled during his benefit year to the amount appearing in 'Part D' of the Table Specified for the Determination of Rate and Amount of Benefits, on the line on which in 'Part B' appears his weekly benefit rate: Provided, he has sufficient qualifying wages in 'Part C' and provided further, that an employe whose weekly benefit rate has been determined under clause (3) of subsection (a) of this section shall be entitled to compensation only if his base year wages are at least thirty times the weekly benefit rate as computed under clause (1) of subsection (a)."

Although this claimant was unable to meet the requirements of Section 404(a)(1), (2), because of insufficient base year earnings, the weekly wage benefit rate was preliminarily fixed by the computation of a weekly payment of $31 under Section 404(a)(1). A computation was then made by referring to Section 404(a)(3), whereunder "Part C" of the table, qualifying wages were $763 and under "Part B" of the table, weekly benefits were fixed at $22. However, the appellant's weekly benefit rate as compiled under Section 404(a)(1) was $31 and thirty times this amount, as required by Section 404(c) totals $930, still above his base year earnings of $763.87. It can be seen from the above computations that this claimant cannot qualify under any of the methods provided. *Austin Unemployment Compensation Case,* 186 Pa. Superior Ct. 359, 142 A. 2d 301 (1958).

Decision affirmed.