Opinion by
Ervin, J.,
In this unemployment compensation case the bureau, referee and board found the appellant to be ineligible to receive benefits.
*348 The appellant was last employed by Pittsburgh Steel Company as a clerk earning approximately $97.00 a week from January 15, 1962 until June 8, 1962. He filed an application for benefits effective July 1, 1962, thereby establishing as a base year the second, third and fourth quarters of 1961 and the first quarter of 1962. During, his base year the appellant had the following reported wages in covered employment: second quarter, 1961, none; third quarter, 1961, none; fourth quarter, 1961, none; first quarter, 1962, $908.19. On April 4, 1962 the appellant received a pay check in the amount of $302.23 for the pay period ending March 24,1962. During the appellant’s base year he had total earnings in the amount of $908.19 and his highest quarter earnings totaled $908.19.
The only issue here is whether the wages earned by the appellant in the first quarter of 1962 in the sum of $302.23 but not paid until April 4, 1962, which was in the second quarter of 1962, were to be included in computing the wages for his base year. Section 404(b) of the Unemployment Compensation Law, 43 PS §804(b), provides as follows: “The ‘highest- quarterly wages’ of an employe shall be the total wages (computed to the nearest dollar) which were paid to such employe in that calendar quarter in which such total wages were highest during the base year.” (Emphasis added)
The record discloses that the wages reported for the appellant for the last quarter of his base year (first quarter of 1962)' were $908.19 and constituted the only quarter in which he had any earnings. The record further discloses that he actually earned $302.23 for the pay period ending March 24, 1962 but did not receive this amount until the pay day which occurred on April 4, 1962, this date being beyond the last quarter of his base year, which comprised the second, third and fourth quarters of 1961 and the first quarter of 1962. The $302.23 was received by the appellant and reported by *349 Ms employer in the second quarter of 1962. Section 404(b) above set forth clearly provides that the highest quarterly wages shall be the wages ■paid-. “¡Paid” is the past tense of “pay.” • If the legislature intended to include an outstanding indebtedness,: it would have used, in addition to the word . “paid,” the word “payable.”. Its failure to do so was a clear indication of its intention.
The legislature clearly indicated in several other sections of the-act that it understood ; the difference between the words “paid”-, and ■ “payable.” In §401 (e) when dealing with the waiting week, it provided that “No week shall be counted as a week of unemployment for the purposes of. this subsection . . . if compensation has been paid or is payable with .respect thereto. I'. .” In §404(f), when dealing with wages paid for employment under shipping articles, it provided that “wages paid with respect to employment performed under Shipping Articles shall be considered ás having been paid in the respective calendar quarters in which the services of the employe were being performed.” In defining wages for the purpose of. payment of contributions by employers, the legislature provided in §4(x),. 43 PS §753: “‘Wages’ means all remuneration, (including the cash value of mediums of payment other than cash), paid by an employer to an individual with respect to his employment. ,. . .” (Emphasis added) Based upon this provision, of the law, the. bureau has determined that contributions are payable by employers on the basis of “wages paid.” Wages earned but not paid are not taxable. Wages are deemed to be paid, even though not reduced to possession. by the employe, as of the day on which amounts definitely assignable to a payroll period are .generally paid by the employer: Regulation 4 of the Bureau’s, Rules. and Regulations. Thus in the present case the appellant’s wages in the amount of $302.23, although earned in the’ *350 payroll period ending March 24, 1962, were not actually paid to him until the regular pay day thereafter, which was April 4, 1962, and which the employer was required to report in the subsequent quarter.
Pursuant to the provisions of §§404(a) and (e) of the Unemployment Compensation Law, 43 PS §§804(a) and (e), the appellant was potentially eligible for benefits at the weekly rate of $36.00 provided his total base year wages were $1,534.00 or more. His total base year wages received were $908.19 and he therefore was ineligible, not only under this computation but likewise under the portion of the provision of §404(c), since he failed to receive 30 times his weekly benefit rate of $36.00 or $1,080.00 during his base year.
Decision affirmed.