Gonta Unemployment Compensation Case.

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George M. Gonta,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee, submitted a brief.

OPINION BY WATKINS, J., June 11, 1964:

This is an appeal from a decision of the Unemployment Compensation Board of Review holding the claimant George M. Gonta ineligible for second year benefits.

The claimant was last employed by Westinghouse Electric Corp., on October 1, 1960 when he had a valid separation from work. He filed his application for benefits on October 1, 1960 and so established a base year of the third and fourth quarters of 1959 and the first and second quarters of 1960. The following taxable wages were established by his base year as follows: Third quarter of 1959—0; fourth quarter of 1959—0; first quarter of 1960—$2166.03; second quarter of 1960—$833.97 or the maximum taxable amount of $3000. His actual earnings in the second quarter of 1960 were $2168.89 and his annual earnings during the calendar year of 1960 were $6512.38. He was awarded benefits at the maximum of $40 per week based on $1825 of his total taxable wages reported for the base year, which amounted to $1200 or $40 per week for 30 weeks. See table specified for the determination of rate and amount of benefits, §404(e) of the Unemployment Compensation Law, 43 PS §804(e). He filed for his second benefit year on October 9, 1961 and established a base year consist-

ing of the third and fourth quarters of 1960 and the first and second quarters of 1961. As he earned nothing in the first and second quarters of 1961 and as there was no reported taxable wages in the last two quarters of 1960 he was ineligible for second year benefits.

However, Section 4(x)(1) of the Unemployment Compensation Law, 43 PS §753(x)(1) provides as follows:

"(x) 'Wages' means all remuneration, . . . paid by an employer to an individual with respect to his employment, except that the term 'wages' shall not include:

"(1) That part of the remuneration which is in excess of the first three thousand dollars ($3000) paid to an individual by each of his employers during a calendar year; . . .

"Remuneration paid by an employer in excess of the amount on which contributions are required to be paid may not be considered in determining the compensation rights of an individual under this act. Remuneration paid by an employer on which contributions are required to be paid shall be considered in determining the compensation rights of an individual and for such purpose may be allocated in accordance with rules and regulations of the department to any calendar quarter in which the individual earned remuneration from such employer; Provided, That the sum of the allocation and the earnings reported with respect to any calendar quarter shall not exceed the remuneration paid for such quarter. As amended 1955, March 30, P. L. 6, No. 5, §1."

The allocation of the unused portion of the Three Thousand dollar taxable income for the year 1960, amounting to $1175, to the third quarter of 1960, fixes his highest quarterly income and his only earnings in his base year at that amount. We must then look to

§404 of the Unemployment Compensation Law, 43 PS §804; and to the "Table Specified for the Determination of Rate and Amount of Benefits", §404(e). *Austin Unemployment Compensation Case,* 186 Pa. Superior Ct. 359, 142 A. 2d 301 (1958).

Under this formula you first consider his highest quarterly wages, in this case $1175, and the table disr closes the benefit rate applicable thereto, based on 1/25 of his highest quarterly earnings or 50% of his full-time weekly benefit, in this case $40 weekly if his base year total wages amount to at least $1825. He is therefore disqualified under this method because his base year earnings amounted to $1175.

Section 404(a) provides that where, as here, the claimant's wages are insufficient to qualify him by the high quarter method or the full-time weekly wage method, §404(a)(1) or §404(a)(2), a computation may be made under §404(a)(3) which says: "that rate appearing in Part B of the table, on the line on which in Part C appears the amount of qualifying wages which most nearly approximates, but does not exceed, his base year wages". Examining the table under this provision the claimant appears to be entitled to $30 weekly under Part B, with qualifying wages of more than $1164 under Part C.

However, §404(c), 43 PS §804(c), negates this possibility by providing that if the claimant's benefits are determined under §404(c)(3) he is entitled to those benefits only if his base year wages are at least thirty times the weekly benefit rate as computed under §404-(a)(1), which, in the instant case, must be computed by multiplying the forty dollar determination by thirty or $1200. His base year wages being $1175 he is therefore disqualified.

The complaint of the claimant that this computation is discriminatory in this case is without merit because whatever line the legislature might draw will al-

ways result in the disqualification of claimants who fall below it.

Decision affirmed.