Argued December 20, 1974, affirmed January 14, 1975

GORDON, *Petitioner, v.* MORGAN, *Respondent.*

530 P2d 522

*Mary L. Henrich,* Legal Aid Service, Portland, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

■ The sole issue in this case is whether wages earned, but not paid to an employe during his base year, can be considered in computing his unemployment benefits based upon that year.

During the fourth quarter of his base year, 1973, petitioner earned $675 which, because of the illness and subsequent death of his employer, was not paid to him until March 6, 1974, when the affairs of the deceased employer were settled. If these earnings could be credited when earned in 1973, petitioner's benefits would be higher for the period controlled by his base year 1973. Petitioner objected to the exclusion of wages earned but not paid in 1973 and an administrator's decision, followed by a referee's decision, and then an Employment Appeals Board (2-1) decision; all were adverse to petitioner. Appeal to this court followed.

ORS 657.150 (4) provides:

"An eligible individual's weekly benefit amount shall be 1.25 percent of the total wages *paid* him in his base year. However, such amount shall not be less than the minimum, nor more than the maximum weekly benefit amount." (Emphasis supplied.)

In concluding that the above statute precluded petitioner's request for adjustment, the referee pointed out that

"* * * the claim determination shall be based on the wages paid during the individual's base year. In other words, only those wages which are actually paid and received by the claimant during the period of time reflected by the base year can be used in computing the claim determination for that period of time. Wages earned or

accrued during this period of time will not be included until such time as they are actually paid. Therefore, the $675.00 earned by the claimant during the fourth quarter of 1973, but not actually paid until March 1974, cannot be included in the claim determination. This does not mean that the claimant will lose credit for these wages, as they can be used in computing a claim determination for any base year which would include the first quarter of 1974."

We agree with the conclusion and reasoning of the referee.

■ Petitioner contends that ORS 657.150(3), which provides for inclusion of irregular payment in calculating wages paid to an individual during his base year, is applicable here. It provides:

"If the wages paid to an individual are not based upon a fixed period of time or if his wages are paid at irregular intervals or in such manner as not to extend regularly over the period of employment, for the purposes of subsections (2) to (5) of this section, his wages shall be allocated in accordance with regulations prescribed by the administrator. Such regulations shall, in so far as possible, produce results the same as those which would exist if the individual had been paid his wages at regular intervals."

We conclude this statute is not applicable to the situation here. The wages paid to the petitioner were based on a fixed period of time. The payment was not at an irregular interval, it was merely a delayed payment. As pointed out by the referee, this does not mean that the petitioner will lose credit for those wages, as they can be used in computing a claim determination for any base year which would include the first quarter of 1974.

*Weyerhaeuser Timber Co. v. S.U.C.C. et al,* 217 Or 378, 342 P2d 114 (1959), cited by petitioner, did not relate to time of payment of wages, but to the propriety of deducting holiday pay from unemployment benefits, and thus is not in point.

Affirmed.