**Alden W. VEDDER, Petitioner,**

v.

**DISTRICT UNEMPLOYMENT COMPEN-SATION BOARD, Respondent.**

**No. 9773.**

District of Columbia Court of Appeals.

Argued April 20, 1976.

Decided July 16, 1976.

---

Robert S. Catz, John Philips (Law Student Counsel) and Adrien H. Zubrin (Law Student Counsel), Washington, D. C., for petitioner.

Alden W. Vedder, pro se, entered an appearance.

Bill L. Smith, Washington, D. C., with whom Robert J. Hallock, Washington, D. C., was on the brief, for respondent. George A. Ross, Washington, D. C., entered an appearance for respondent.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

This is a petition for review of a decision of the District Unemployment Compensation Board finding petitioner ineligible for benefits. We affirm.

The Board denied petitioner's claim for his failure to meet requirement of D.C. Code 1973, § 46–307(c)(3) that the total of an applicant's base period wages, at a minimum, be within $70 of one and one-half times the wages he "actually received" during the high calendar quarter.[1] An applicant's base period includes the first four of the last five calendar quarters immediately preceding the claim for benefits. Petitioner's base period figures were as follows:

| 1st quarter | ending December 31, 1973 | $ 16.40 |
| 2nd quarter | ending March 31, 1974 | 1,342.64 |
| 3rd quarter | ending June 30, 1974 | 165.00 |
| 4th quarter | ending September 30, 1974 | 16.40 |

Appellant's high quarter wages of $1,342.64 include $237 withheld for federal income tax and $64.02 for District of Columbia income tax.

1. D.C.Code 1973, § 46–307(c) requires in parts (1) and (2) that the applicant must have been paid wages for employment of not less than $300 in one quarter in the base period and a total of not less than $450 in not less than two quarters in the base period. Part (3) further provides that in order to qualify for benefits an individual must have received during [the base period] wages the total amount of which is equal to at least one and one-half times the amount of his wages *actually received* in the quarter in such period in which his wages were the highest. Notwithstanding the provisions of paragraph (3), any otherwise qualified individual, the total amount of whose wages during such period is less than the amount required to have been received during such period under such paragraph, may qualify for benefits, if the difference between the amounts so required to have been received and the total amount of his wages during such period does not exceed $70 . . . . [Emphasis added.]

■ Petitioner argues that the Board erred by including withheld taxes as wages "actually received" during the high quarter.[2] We disagree.

We read the words "actually received" as used in the statute [3] as an effort to make plain that the high quarter computation is not intended to include wages or salary earned, as reflected on the books, but not paid to the employee. Although income taxes withheld do not reach the pay envelope, they nonetheless are credited to the wage earner and inure directly to his benefit in satisfaction of his eventual tax liability. Section 46–307(c)(3) makes no provision for deducting an applicant's expenses from his high quarter wages and we find no authority or justification for exempting taxes solely because they are collected directly from the employer. To so read the statute would require finding an implied bias against those persons who, for whatever reason, have a relatively small sum withheld from their wages. If such was the intent of the legislators, it was an intent they did not express.[4] The Code, to the contrary, incorporates a disparate philosophy. An applicant's basic compensation is determined on the basis of his earnings alone with an additional sum allowed those applicants having dependents. D.C.Code 1973, § 46–307(b) and (f).

It is of no consequence to the employee whether the employer remits the withheld monies to the government before or after the close of the calendar quarter since in either event the employee's liability for taxes is satisfied and whatever sum he is entitled to as a refund is not recoverable until the close of the taxable year. We think it implausible that had Congress directly considered withheld taxes it would have burdened the Board with a duty to determine precisely when the taxes withheld from the employee were actually delivered to the government.

We conclude therefore that monies withheld for taxes in the high quarter are properly included as wages "actually received" in the high quarter.[5]

■ Appellant also argues that he was not provided adequate notice of the issues to be considered by the Board's Appeals Examiner. The record fails to substantiate that allegation.

Shortly after petitioner filed his claim he received a notice which reflected his wages for each of four base period quarters as being $1,342.64; $165; $16.40; and $16.40, totaling $1,540.44, and added, "Benefits denied. Base period wages not within $70.00 of one and one-half times your high quarter." It is abundantly clear that petitioner's wages for the base period did not exceed one and one-half times his wages for the high quarter less $70.

Petitioner appealed and was notified of the time and place for the hearing. The notice also advised him that the issue was "whether computation was proper". After the Appeals Examiner opened the hearing and explained its nature to petitioner, he recessed the hearing so petitioner could

2. Appellant would include taxes withheld as wages "received" during the base period but would exclude taxes withheld from the computation of wages "actually received" during the high quarter. By this method of calculation, he would be eligible for benefits.

3. *See* note 1, *supra*.

4. Petitioner cites no legislative history in his support. We find none on our review. *See* S.Rep.No.563, 92nd Cong., 1st Sess. (1971); H.R.Rep.No.723, 92nd Cong., 1st Sess. (1971).

5. Petitioner does not contend that his employer failed to remit the withheld taxes to the government. We note that with respect to federal taxes, an employee is entitled to full credit for the monies withheld even though the tax has not been paid over to the government by the employer. 26 C.F.R. § 1.31–1 (1974). The same rule would apparently apply for income taxes withheld for the District of Columbia. *See* D.C.Code 1973, § 47–1567d.

examine D.C.Code 1973, § 46–307(c)(3). Although petitioner was not represented by counsel, he is well educated being a qualified English teacher. From the foregoing record, we conclude that petitioner was given adequate notice of the nature of the hearing.

*Affirmed.*