EDWARD N. SCRUGGS, Retired Circuit Judge.
In this unemployment compensation case the parties stipulated all of the facts in the circuit court as follows:
Claimant was separated from his base period employer on March 4, 1975; he signed up for benefits on April 16, 1976; and his claim was subsequently denied by the Department of Industrial Relations and the State of Alabama Board of Appeals on the ground that claimant was ineligible to receive benefits because of insufficient base period wages within the meaning of Title 26, Section 213-E, Code of Alabama, Recompiled 1958.
*623 Claimant’s base period employer reported the following wages to the Department as paid to the claimant during his base period employment.
4th quarter 1974 $ 972.86
1st quarter 1975 2,380.27
2nd quarter 1975 123.04
3rd quarter 1975 _ (No earnings reported)
Total $3,476.17
Claimant contends that he is eligible for unemployment compensation benefits in that he has adequate base period wages, and by agreement a letter dated September 30,1975, from the'employer to the claimant is submitted, which claims that $833.31 drawn by Thomas Willard on January 15, 1975, was actually earned in December, 1974. .
The State of Alabama contends that notwithstanding the above letter, the claimant’s base period wages do not satisfy the statutory requirements for eligibility, viz., 213-E, supra, in that a claimant must have been paid during the base period $525, and in addition been paid wages equal to or exceeding one and one-half times the total of wages paid to him in his highest quarter of such base period.
LEGAL QUESTIONS
The legal question to be determined by the court is does the claimant have adequate base period wages with his base period employer, within the meaning of Section 213-E, supra, so as to qualify him for unemployment compensation benefits. [Emphasis theirs.]
The learned trial judge rendered a judgment in favor of the employee. The Department of Industrial Relations appeals and contends that, under the provisions of the Unemployment Compensation Act of Alabama as it existed during the time of this controversy, the actual payment of wages governs eligibility to recover unemployment compensation and that wages earned or accrued, but not paid, should not be considered in computing such base period wages. The employee contends that he is entitled to the benefits awarded since accrued or earned wages should be included, along with wages actually paid, in such computation. We agree with the appellant.
This is a case of first impression in Alabama, but several sister states have decided almost identical or similar issues.
The closest case in point is Maryland Department of Employment Security v. Werner, 231 Md. 474, 190 A.2d 786 (1963), wherein the Court of Appeals of Maryland ruled that the actual date when wages were paid rather than when such wages were earned determines as to which quarter of the base year wages should be allocated. Their statute used the words, “During his base period he has been been paid for insured work.” For similar cases reaching substantially the same results in other states see also: Gordon v. Morgan, 20 Or. App. 69, 530 P.2d 522 (1975); Dickson v. Unemployment Board of Review, 205 Pa. Super. 468, 211 A.2d 51 (1965); Zubritsky v. Unemployment Compensation Board of Review, 202 Pa.Super. 347, 195 A.2d 854 (1963); Giammattei v. Egan, 135 Conn. 666, 68 A.2d 129 (1949).
The Alabama statutory amendments since 1961 have been substantially read, “He has during his base period been paid wages for insured work.” The similarity between the Alabama and Maryland statutes is striking.
In 76 Am.Jur.2d 916, Unemployment Compensation § 32 (1975), the rule is stated as follows:
With respect to the issue of whether an individual has earned sufficient wages in a given period to qualify for unemployment compensation benefits, it has been held that wages actually paid, rather than wages earned, within a statutory base period control eligibility for unemployment benefits. [Footnote omitted.]
We must determine the intent of our legislature in enacting the words now being construed.
In common usage “paid” means “discharged.” Such has long been the definition afforded such word by the Alabama courts. Waters v. Creagh, 4 Stew. & P. 410, *624 414 (1833). In the Zubritsky case, supra, the Pennsylvania court held that if the legislature intended to include an outstanding indebtedness, it would have used the word “payable” in addition to the word “paid” and that its failure to do so was a clear indication of its intention.
Regardless of common usage of words, on occasion the legislature has other meanings in mind when enacting legislation. Hence, we traced the legislative history of the Unemployment Compensation Act of Alabama.
The act was first codified in the Code of Alabama of 1940. Therein, Title 26, Section 213(E) set forth the base period eligibility requirement as, “He has during his base period earned wages for insured work.” (Emphasis supplied.) The same “earned wages” provision continued and was copied into the Code of Alabama, Recompiled 1958, also as Title 26, Section 213(E). Along with other changes in 1961 the legislature amended the statute so as to eliminate the words “earned wages” and replaced such words with the present “been paid wages” requirement in the base period eligibility section of the statute. Acts of Alabama 1961, Ex.Sess., Act No. 274, p. 2298, 2313. The “paid wages” language of the 1961 statute has been'retained by the legislature in subsequent legislation. Acts of Alabama 1965, Act No. 390, p. 548, 559; Acts of Alabama 1971, Act No. 88, p. 349, 352; Acts of Alabama 1975, Act No. 801, p. 1604, 1619; Code of Alabama 1975, § 25-4-77(5).
Based upon well reasoned decisions of other states, the common meaning of the word “paid,” and the legislative history of that portion of the legislative act in question, it is our decision that the legislature meant that an employee’s base period wages must be actually paid, not just earned, before they may be credited for purposes of base period eligibility to receive unemployment compensation benefits.
The foregoing opinion was prepared by retired ■ circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the 1975 Code of Alabama. His opinion is hereby adopted as that of the court.
For the foregoing reasons, the judgment of the trial court is reversed and one rendered here holding the claimant, Thomas Willard, ineligible to receive unemployment compensation benefits.
REVERSED AND RENDERED.
All the judges concur.