Nicholas J. Briglia, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 11, 1982, to Judges Blatt, Williams, Jr. and Doyle, sitting as a panel of three.

*Nicholas J. Briglia,* petitioner, for himself.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 23, 1982:

This is an appeal by Nicholas J. Briglia (Claimant) from the order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee to deny unemployment compensation benefits as a result of Claimant's financial ineligibility pursuant to Section 404(c) of the Pennsylvania Unemployment Compensation Law (Law).[1] For the reasons which follow, we affirm the order of the Board.

The referee made the following findings of fact which were adopted by the Board in their order affirming the referee's decision:

1. For purposes of this appeal, the claimant was last employed by C. H. Shoemaker as a plasterer and his last day of work was November 14, 1980. His separation from this employment is not at issue here.

2. The claimant filed an application for benefits effective November 16, 1980, thereby establishing his base year as the third and fourth quarters of 1979, and the first and second quarters of 1980.

3. Claimant's reported wages during the base year period were as follows:
     High Quarter Earnings—$6,138.00
     Total Wages—$7,993.00.

4. During the base year the claimant was employed 16 weeks at $50.00 per week or more.

Claimant was found to be ineligible for benefits because he did not have the minimum of eighteen credit weeks during his base year as required by Section 404(c) of the Law. This Section provides as follows:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(c).

(c) Any otherwise eligible employe who has base year wages in an amount equal to, or in excess, of the amount of qualifying wages appearing in Part C of the table specified for the Determination of Rate and Amount of Benefits on the line on which in Part B there appears his weekly benefit rate, as determined under subsection (a) of this section, shall be entitled during his benefit year to the amount appearing in Part D on said line: *Provided he had eighteen (18) to twenty-three (23) "Credit Weeks" during his base year* or Part E provided he had twenty-four (24) or more "Credit Weeks" during his base year. (Emphasis added.)

In determining the number of credit weeks[2] a claimant may have, a critical factor is the date on which the claimant files his application for benefits. It is that date which determines a claimant's "benefit year"[3] which in turn establishes the claimant's "base year."[4]

---

[2] Section 4(g.1) of the Law, 43 P.S. §753(g.1) provides as follows: "'Credit Week' means any calendar week in an individual's base year with respect to which he was paid in employment as defined by this act, remuneration of not less than fifty dollars ($50). Only one credit week can be established with respect to any one calendar week."

[3] Section 4(b) of the Law, 43 P.S. §753(b) provides as follows: "Benefit Year" with respect to an individual who files or has filed a "Valid Application for Benefits" means the fifty-two consecutive week period beginning with the day as of which such "Valid Application for Benefits" is filed, and thereafter the fifty-two consecutive week period beginning with the day as of which such individual next files a "Valid Application for Benefits" after the termination of his last preceding benefit year.

[4] Section 4(a) of the Law, 43 P.S. §753(a) provides as follows: "'Base year' means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year."

As a result of this formula, the referee found that claimant had accumulated only sixteen credit weeks during his base year. Thus, Claimant is ineligible for benefits since he had not acquired the necessary minimum of eighteen credit weeks pursuant to Section 404 (c) of the Law.

Claimant does not contest the findings of the referee, but instead, argues that the Legislature did not intend that the application of Section 404(c) of the Law would result in claimant's ineligibility. We disagree. The language establishing a minimum of eighteen credit weeks is clear and unambiguous. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."[5]

The Claimant also argues that the statute is being applied retroactively and is, therefore, unconstitutional in effect. We find, however, that the eighteen credit week minimum of the amendment to Section 404(c) of the Law was not applied retroactively. The amendment was adopted on July 10, 1980 and became effective for applications for benefits filed after August 1, 1980. Claimant's application for benefits was filed on November 16, 1980. As a result of the formula described above, Claimant's base year precedes the date of the amendment's adoption. This fact is insufficient to characterize the application of the amendment as retroactive. A statute does not operate retroactively merely "because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation*, 54 Pa. Commonwealth Ct. 376, 381, 421 A.2d 521, 524 (1980).

---

[5] Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b).

ORDER

Now, November 23, 1982, the order of the Unemployment Compensation Board of Review pertaining to appeal No. 80-1D-858, dated December 19, 1980, is hereby affirmed.

AMENDED ORDER

Now, December 7, 1982, the order of this Court in the above captioned matter dated November 23, 1982, is hereby amended to reflect that it is the decision of the Unemployment Compensation Board of Review No. B-194190, dated April 8, 1981, which is affirmed.