Norman W. Kephart, Petitioner *v.* Commonweatlh of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1983, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Denise Niedzielski,* with her *Niles Schore,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, November 28, 1983:

This is an appeal by Norman W. Kephart (claimant) from the order of the Unemployment Compensation Board of Review (Board) which affirmed the determination of the Office of Employment Security and the referee's decision denying unemployment compensation benefits because claimant had not worked for the requisite eighteen credit weeks during his base year pursuant to Section 4 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(g.1). Claimant has appealed the Board's decision, claiming that he had worked the requisite eighteen credit weeks during his base year and that he is entitled to benefits.

In support of his position, claimant calls our attention to *Zubritsky Unemployment Compensation Case,* 202 Pa. Superior Ct. 347, 195 A.2d 854 (1963) in which a differentiation was made between wages that were actually paid and those which were earned but not yet paid. The *Zubritsky* Court stated:

Wages are deemed to be paid, even though not reduced to possession by the employe, as of the

day on which amounts definitely assignable to
a payroll period are generally paid by the em-
ployer....

*Id.* at 349, 195 A.2d at 855. Because the *Zubritsky*
Court noted that the legislature differentiated be-
tween the word "paid" and "payable" in other sec-
tions of the Law claimant is attempting to persuade
us that this distinction should be maintained in the
instant case. Because "wages" in 43 P.S. §753(x)
means "all remuneration, (including the cash value
of mediums of payment other than cash), paid by an
employer to an individual with respect to his employ-
ment . . .", claimant asserts that use of the word
"paid" in the above cited definition indicates that
wages earned under the Law are deemed earned when
paid, not when services are performed. Similarly,
"credit week" in 43 P.S. §753(g.1) means "any calen-
dar week in an individual's base year with respect to
which he was paid in employment as defined in this
act, remuneration of not less than fifty dollars
($50.00). Only one credit week can be established with
respect to any one calendar week." Use in this defini-
tion of the word "paid" indicates that a "credit week"
must be deemed earned when wages are paid, not when
services are performed.

Claimant worked seventeen weeks during the base
year as determined by the Board. Because he was
not paid for the pay period ending June 27, 1980 un-
til he received his pay check on July 3, 1980, claimant
asserts that he had eighteen credit weeks in his base
year because he had worked during the week ending
June 27. The Board determined, however, that be-
cause the calendar week in question fell outside claim-
ant's base year, beginning July 1, 1980, that week
cannot be counted as a credit week during the base
year in order for claimant to be entitled to benefits.

Claimant's position that the credit week should be counted in the week when the remuneration is paid rather than earned ignores the reality that many employers pay workers on a bi-weekly, bi-monthly or monthly basis. In order for claimant's position to prevail, various rules would have to be enacted for each of the various pay periods which an employer might utilize in order to allow the number of credit weeks to be controlled by the frequency of pay periods. Of course, if subtle distinctions are in order, they must be made, but it does not seem likely that the Law should be construed in this fashion. The Board correctly asserts that guidelines under Sections 1921-22 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1921-22, indicate that both the object to be attained by the statute as well as the consequences of a particular interpretation must be considered. There is a presumption that the legislature did not intend a result that is absurd, impossible of execution or unreasonable. We believe the language establishing a minimum of eighteen credit weeks is ''clear and unambiguous.'' *Briglia v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 159, 452 A.2d 900 (1982). We conclude, therefore, that claimant does not have the requisite eighteen credit weeks during his base year as required by Section 404(c) of the Law, 43 P.S. §804(c).

The decision of the Board denying benefits is affirmed.

### Order

And Now, November 28, 1983, the Order of the Unemployment Compensation Board of Review, Decision No. B-208735, dated August 11, 1982, is hereby affirmed.