**Victor JAIME, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 83–1205.**

District of Columbia Court of Appeals.

Argued Nov. 9, 1984.

Decided Jan. 9, 1985.

OPC's arguments.

Victor Jaime, pro se.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before NEBEKER, FERREN and BELSON, Associate Judges.

NEBEKER, Associate Judge:

■ Petitioner appeals a monetary determination upheld by the Department of Employment Services' (DOES) Office of Appeals and Review. In so doing, he raises a question of first impression: this court's construction of the term "paid," as used in D.C. Code § 46–108(b) (1981 & Supp.1984). Because we construe "paid" to mean wages actually received within a given quarter of the base period, we affirm the monetary determination reached by DOES.

Petitioner works with United Exposition Service Company when work is available. His employment is sporadic; when no work is available, he draws unemployment compensation. On January 17, 1983, he filed a claim for unemployment benefits. The Office of Unemployment Compensation determined that petitioner's base period was October 1, 1981, through September 30, 1982, and that he was eligible to receive benefits of $169 per week for 26 weeks. He appealed the monetary determination, maintaining that $500 which he earned in his second quarter, but which was not paid to him until his third quarter, should have been included in his second quarter base period wages. Allocating the additional wages to his second quarter would have raised his weekly benefits by several dollars.

Petitioner did not dispute the appeals examiner's finding that he had earned the $500 in the second quarter and had actually been paid the $500 in the third quarter.[1] Relying upon D.C. Code § 46–108(c) (1981 & Supp. 1984), the examiner ruled that wages earned cannot be included in an individual's base period unless they also have been paid and received by the individual in that period. The examiner accordingly upheld the monetary determination. On appeal, the Office of Appeals and Review affirmed the appeals examiner's conclusions of law.[2] Respondent now cites *Vedder v. District Unemployment Compensation Board,* 360 A.2d 485, 487 (D.C. 1976) (monies withheld for taxes are included as wages "actually received"), as authority for its determination. In *Vedder,* this court construed the words "actually received," as used in the statute which preceded present D.C. Code § 46–108(c) (1981 & Supp.1984), to exclude wages or salary earned, as reflected on the employer's books, but not paid to the employee. 360 A.2d at 487. The issue in *Vedder* was qualification for benefits, not—as here—computation of amount, which is governed by D.C. Code § 46–108(b) (1981 & Supp. 1984). Section 108(b) provides that benefits will equal a specified fraction of "total wages for insured work *paid* during that quarter of [a claimant's] base period in which the total wages were highest." (Emphasis added.)

The provision applicable here thus refers to wages paid. "Paid" is the past tense of pay. If the legislature intended to include wages that were earned, but not necessarily paid or payable, it would have used the term "wages earned." If it had meant to include wages that were payable, regardless of whether they were paid, it would have used the term "earnings payable." *Accord, Zubritsky v. Unemployment Compensation Board of Review,* 202 Pa. Super. 347, 195 A.2d 854, 855 (1963). Moreover, the Council has specifically used

---

1. At oral argument petitioner stated that the check for $500 was issued in accord with his employer's customary schedule for payment.

2. His findings were modified to correct factual errors not here in dispute.

"earnings payable" in other portions of the same statute when its purpose has been to take into consideration money earned by, but not yet paid to, an employee. *See, e.g.,* D.C. Code §§ 46–101(5), –108(e)(1) & (2) (1981 & Supp.1984). The Council used the separate terms to serve differing purposes: "earnings payable" when the statute addresses determination of eligibility, at, *e.g.,* § 46–101(5); and "wages ... paid" when it addresses computation of benefits, at, *e.g.,* § 46–108(b). We cannot say the Council acted irrationally in making the distinction.

In seeking authority to support its monetary determination, however, DOES erroneously relied upon *Vedder's* construction of § 46–108(c), the statute governing qualification for benefits. But because we hold that "paid" in § 46–108(b)—the statutory authority for computing benefits once a claimant has been found qualified—does mean wages actually received,[3] we affirm the result reached by DOES. The agency did not err when it excluded from petitioner's second quarter base period the wages earned at the end of that quarter, but paid to him in the subsequent quarter.

*Affirmed.*

---

**3.** We do not reach the issue of wages earned and properly payable in the same quarter, according to the employer's regular payroll schedule, but not reduced to the employee's possession within that quarter. *See Zubritsky, supra,* 195 A.2d at 855.