Argued and submitted July 11, affirmed December 31, 1986

**PETERSON,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION,**
*Respondent.*

(85-AB-1727; CA A38331)

730 P2d 1295

Peter Fels, Pendleton, argued the cause for petitioner. With him on the brief was Oregon Legal Services Corporation, Pendleton.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Petitioner seeks review of an Employment Appeals Board decision holding that he was ineligible for additional unemployment compensation benefits. We affirm.

Petitioner worked for Southwestern Motors for 26 weeks in 1982. He was laid off in December, 1982. In April, 1983, he filed a claim for unemployment benefits and was awarded $47 per week for 42 weeks, based on $3732 he had earned at Southwestern during his "base year" of 1982. At about the time that he filed the claim, petitioner discovered that Southwestern had paid him $1 per hour less than his employment contract required. In March, 1984, he obtained a judgment in the Coos County District Court against Southwestern for $980.20, plus interest, for the underpayment. Southwestern paid the judgment in the second quarter of 1984. In April, 1984, petitioner filed a request with the Employment Division that the $980.20 be added to his 1982 salary and that his unemployment benefits for that year be raised accordingly. Division denied his request. The referee affirmed the denial, and EAB affirmed. Petitioner did not seek review of the decision.

In January, 1985, petitioner filed another claim for increased benefits, arguing that he should be deemed to have worked for Southwestern in the "base year" of October, 1983, through September, 1984, for the additional 13 weeks it would have taken him to earn $980.20. Division, however, found him ineligible for benefits and denied the claim. The referee affirmed the denial. EAB affirmed the referee, and petitioner sought review in this court.

■      Petitioner may not now assert that EAB erred in affirming the referee's decision not to include the $980.20 in his wages for the 1982 base year. ORS 657.282 provides:

> "Judicial review of [EAB] decisions under ORS 657.275 shall be as provided for review of orders in contested cases in ORS 183.310 to 183.550, except the petition shall be filed within 30 days after the order is served."

Petitioner failed to seek review of the decision with respect to 1982 within 30 days.[1]

---

[1] We do not decide whether petitioner, if he had timely sought review, could have

Alternatively, petitioner contends that Division should credit him with an additional 13 weeks of work in the base year October, 1983, to September, 1984, during which Southwestern paid the judgment. He would have earned $980.20 in 13 weeks if he had actually worked then for Southwestern. If petitioner receives the credit, he would be eligible for benefits in that base year. ORS 657.150(2) provides:

"To qualify for benefits an individual must have worked 18 or more weeks in subject employment in the base year with total base year wages of $1,000 or more."

■ We find nothing in the statutes or rules which permits Division to give a credit. To qualify for benefits, a claimant must have worked 18 weeks in the base year, as well as earned $1,000 or more in that base year. ORS 657.150(2). Even if the amount that petitioner collected on the judgment in the base year October, 1983, to September, 1984, is part of base year wages for that year, he cannot receive credit for 13 weeks of work in the base year because he collected the judgment in that year.

Petitioner argues that ORS 657.150(3) supports his contention. It provides:

"If the wages paid to an individual are not based upon a fixed period of time or if wages are paid at irregular intervals or in such manner as not to extend regularly over the period of employment, for the purposes of subsections (2) to (5) of this section, the individual's wages shall be allocated in accordance with rules prescribed by the assistant director. Such rules shall, insofar as possible, produce results the same as those which would exist if the individual had been paid wages at regular intervals."

The statute simply does not cover weeks of work. It applies only to allocation of wages. *See* OAR 471-30-021.[2] EAB did

---

successfully asserted that the amount collected on the judgment should have been allocated to his 1982 salary. *See Gordon v. Morgan,* 20 Or App 69, 530 P2d 522 (1975), where we held that a paycheck that an employe received late due to his employer's death was not payment at an "irregular interval" under 657.150(3).

[2] OAR 471-30-021, the only rule specifically promulgated pursuant to ORS 657.150(3), states:

"(1) When an individual is paid at irregular intervals as described in ORS 657.150(3), the individual shall be considered to have been paid on the first of the

not err in ruling that petitioner was ineligible for benefits.

Affirmed.

---

month for the time worked the previous month, except that where an agreement provides that the employer shall pay wages at some future date, the date specified by the agreement shall be used for base year wage allocation purposes.

"(2) An individual who is paid at least once every 35 days is deemed to have been paid at regular intervals."