Thelma R. Thomas, et al., Appellants, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Alan F. Markovitz,* with him *Jerome L. Markovitz* and *Markovitz, Brooks & Cantor,* for appellants.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 3, 1974:

Thelma P. Thomas, the appealing unemployment compensation claimant[1] in this case, was employed for many years as a production worker by Centre Clothes, Inc. The collective bargaining agreement between Centre Clothes, Inc. and a union representing its workers provided that the vacation period for all employes should be the first two weeks of July, unless changed by mutual agreement of the parties. The appellant was laid off on May 27, 1971 and applied for and began receiving unemployment benefits about the first of June. She did not make claim for compensation for the first two

---

[1] The appeal is by "Thelma P. Thomas et al." without naming the others. There were a number of employes involved in appeals below and at least two orders by the referee. The circumstances of individual cases differed in detail but there seems to be a single issue which will, when decided, control the disposition of all cases.

weeks in July but went to Hawaii on holiday. In early July the employer mailed to its employes, including the appellant, checks for vacation pay informing them, however, that the employer "would consider your vacation period the last two weeks of July." This determination by the employer was made without the agreement of the union.

The issue is whether the appellant is entitled to unemployment compensation for the last two weeks of July 1971. The referee held that the vacation pay received by the appellant should be deducted from the compensation benefits she would have received for the last two weeks of July and the two members of the Board of Review remaining after one disqualified himself could not agree, leaving the referee's decision to stand. We reverse.

The pertinent statutory provision effective[2] is Section 404(d)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. §804(d)(1): "(d)(1) Notwithstanding any other provisions of this Section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of January one thousand nine hundred sixty-eight shall be paid, with respect to such week compensation in an amount equal to his weekly benefit rate less the total of (I) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit, (II) vacation pay, if any, (III) severance or separation allowance or dismissal wages and similar payments, the payment of or eligibility for which is made or conditioned upon a temporary, indefinite or permanent separation from employment except pay-

---

[2] The section has been since amended by the Act of September 27, 1971, P. L.      , Act 108, §18, to provide for non-deductibility of vacation pay where there is a permanent or indefinite separation from employment.

ments made pursuant to a private plan the actual and declared purpose of which is to provide benefits in addition to the compensation provided by this act and so found by the department. . . " (Section 404(d)(1)).

The referee concluded that the employer's payments were severance pay because the employer eventually permanently closed the facility where the appellant worked. On the contrary, the payments were clearly vacation pay; they were so denominated by the employer and they were unquestionably due as such under the union contract. Of course, vacation pay by Section 404(d)(1) is also deductible from compensation; but vacation pay, unlike severance pay, is subject to allocation to the period when due. In *Piestrak Unemployment Compensation Case*, 404 Pa. 527, 536, 172 A. 2d 807 (1961), Mr. Justice COHEN wrote for the Court: "We conclude further that the receipt of vacation pay is to be allocated to an actual vacation period . . . we find no justification for allocating vacation pay to a nonvacation pay period. . . ." That case also holds that it is proper to refer to collective bargaining agreements to determine the connection between vacation pay and vacation time. Applying these rules to the facts of this case, the employer could not unilaterally allocate vacation pay to a nonvacation time. The vacation time for Centre Clothes, Inc. remained the first two weeks of July. The appellant did not claim, nor was she entitled to receive compensation, for that period. She was entitled to full benefits during the second two weeks of July despite the employer's ineffective purpose to allocate vacation pay to that period.

### ORDER

And now, this 3rd day of January, 1974 the order of the Unemployment Compensation Review Board here appealed is reversed and the appellant's claims for the period from July 19, 1971 through July 30, 1971 ordered to be approved.