Opinion by
Judge Rogers,
We are required here to determine a second controversy concerning the effect on the entitlement to unemployment compensation of an employee of United States Steel Corporation involuntarily retired and paid the special initial pension provided by that corporation. The special initial pension is fully described in United States Steel Corporation v. U.C.B.R. and Marovich, 10 Pa. Commonwealth Ct. 553, 312 A.2d 460 (1973). Briefly stated, the special initial pension is an amount paid the retiring employee in a lump-sum. The amount of the payment is calculated by multiplying the employee’s weekly vacation pay rate for the year of retirement by 13 weeks and deducting therefrom the amount of any vacation pay received for that year. In Marovich, supra, we held that the *599 special initial pension is not severance pay but an initial and advance payment of a retirement pension, within the meaning of “retirement pension” in Section 404(d) (iii) of the Unemployment Compensation Law[1] and that it must therefore be offset against unemployment compensation benefits.
The claimant here, Ms. Irene Koslow[2] was retired on December 31, 1972, and applied for unemployment compensation on January 2,1973. She had received four weeks of vacation pay during the year 1972, and her special initial pension benefit, paid in a lump-sum, was calculated by multiplying her weekly vacation pay rate by 13 weeks and then deducting the amount of annual vacation pay received for four weeks of vacation taken in 1972. Ms. *600 Koslow hence received an amount equal to nine times her weekly vacation pay rate.
United States Steel Corporation has appealed from the Unemployment Compensation Board of Review’s determination that Ms. Koslow’s lump-sum special initial pension benefit should be allocated over only nine weeks following her retirement. United States Steel Corporation contends that the lump-sum special initial payment should be allocated over 13 weeks. We agree with the Board of Review’s determination.
The special initial pension provides a lump-sum of money upon retirement and unemployment compensation provides weekly benefits. Section 404(d) of the Unemployment Compensation Law requires that pension payments made otherwise than weekly shall be allocated according to rules of the Department of Labor and Industry. Unfortunately, but not surprisingly, no Department-rule addresses itself to the specific circumstances of United States Steel’s special initial pension,[3] so that the Board was, and we now are, required to determine what allocation should properly and fairly be made of the amount paid Ms. Koslow . as special initial pension. As noted, that amount equalled nine weeks of vacation pay. The Board’s determination that the sum should be allocated over nine weeks for unemployment compensation benefits purposes seems to us to be both fair and in accordance with law. Both the special initial pension payment agreed to by United States Steel Corporation in negotiations with a labor union representing its employes and unemployment compensation are intended to relieve the financial burdens of workers involuntarily separated from gainful employment. An allocation of a sum equal to nine weeks pay over a 13 week period seems to us, as it apparently did to the Board, inconsistent with the realities and, as illustrated by a hypothetical case, illogical. If, *601 during 1972, Ms. Koslow had been laid off, and had then received four weeks vacation pay, such payments would have been offset against unemployment compensation by Section 404(d)(ii). See also 34 Pa. Code §65.93. Had she subsequently returned to work and then been involuntarily retired during the same year, the allocation of the special initial pension payment over 13 weeks would result in only four weeks’ vacation pay being offset against eight weeks of unemployment benefits to which she was entitled under the law. It would also have the effect of allocating, for purposes of offset, vacation pay to a non-vacation period, contrary to the holdings of Piestrak Unemployment Compensation Case, 404 Pa. 527, 172 A.2d 807 (1961), and Thomas v Unemployment Compensation Board of Review, 11 Pa. Commonwealth Ct. 431, 314 A.2d 594 (1974).
Order
And Now, this 10th day of June, 1975, it is ordered that the decision of the Unemployment Compensation Board of Review be and it is hereby affirmed.

. Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, as amended, 43 P.S. §804(d) (iii). Section 404(d) reads pertinently:
“Not withstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of (i) ... (ii) vacation pay, if any, except when paid to an employe who is permanently or indefinitely separated from his employment and (iii) that part of a retirement pension or annuity, if any, received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week .... If such retirement pension or annuity payments deductible under the provisions of this subsection are received on other than a weekly basis, the amount thereof shall be allocated and pro-rated in accordance with the rules and regulations of the department. . . .”

. The parties have stipulated that our disposition of No. 1603 C.D. 1974 (Irene Koslow, claimant) will be binding as the consolidated cases docketed to No. 1604 C.D. 1974 (William McAdams, claimant) and No. 1605 C.D. 1974 (Blanche L. Greenless, claimant). The factual circumstances of the claims of McAdams and Greenless are not materially dissimilar to that of Koslow.

. The regulations are at 34 Pa. Code §65.101 et seq.