James R. Wooley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Stanford A. Segal, Gatz, Cohen, Segal and Koerner, P.A.,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 13, 1983:

This is an appeal by James R. Wooley (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) upholding a referee's denial of benefits. We affirm.

In this application for benefits, the base year established by the Claimant consisted of the last quarter of 1979 and the first three quarters of 1980, *i.e.,* October 1, 1979 through September 30, 1980. During that base year, the Claimant received $5,855.00 in wages. On October 7, 1980, the Claimant received an additional $540.96 payment for wages earned during September 22 through 30, 1980. In order to be eligible for unemployment benefits, Claimant had to show wages during the base year of $6,040.00. The referee

excluded the $540.96 paid on October 7, 1980 and found Claimant had only $5,855.00 in base-year wages. Benefits were therefore denied, and the Board affirmed.

At issue in this case is the referee's interpretation of base-year wages under Section 743 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753. Section 743(x) provides that " '[w]ages' means all remuneration . . . *paid* by an employer to an individual with respect to his employment. . . ." 43 P.S. §753(x) (emphasis added). The referee interpreted "paid" to mean "received" and rejected Claimant's argument that if the wages were *earned* during the base-year, they should be included in the computation of base-year wages. We also must reject the argument.

In *Claypoole v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 363, 444 A.2d 828 (1982), we refused to reallocate vacation pay received in June to the subsequent quarter in which the vacation period occurred. We distinguished the allocation of vacation pay for purposes of deduction under Section 404(d) from allocation of vacation pay for determination of basic financial eligibility for compensation. Vacation pay was to be included in the quarter in which it was received.

A consistent result must obtain in the case now before us. Wages must be included in the quarter in which they were received, not reallocated to the quarter in which they were earned. "Paid" cannot mean "earned." Had the legislature intended wages to include income earned but not received, that language would have been used. It is unfortunate for Claimant that this interpretation results in the denial of benefits. We note, however, that adoption of Claim-

ant's interpretation would exclude from base-year calculations payments received during the base-year but earned prior to the beginning of the first quarter in the base-year, and would therefore deny benefits in other cases.

### ORDER

Now, January 13, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter is affirmed.