Anthony T. Rebo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 9, 1985, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Vicki Kuftic Horne,* for petitioner.

*Daniel T. Booth,* Legal Intern, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 30, 1985:

This is an appeal by Anthony T. Rebo (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's deci-

sion that Claimant was financially ineligible to receive benefits.

The referee found that Claimant had last been employed by Allegheny County Community College as a teacher at an hourly rate of eighteen dollars. Claimant filed an application for benefits with an effective date of April 22, 1984 thereby establishing as his base year the first, second, third and fourth quarters of 1983. Claimant's total base year earnings were $5,185.00 and his highest quarterly earnings were $3,825.00 which were reported during the fourth quarter of 1983. Figured into the $3,825.00 total was $1,125.00 which Claimant received in November 1983 as severance pay from a former employer. Proper computation of this severance pay is the subject of the present dispute.

Under Section 404(a) of the Unemployment Compensation Law,[1] (Law), 43 P.S. §804(a), a claimant's qualifying wage is determined by his highest quarterly wage during the relevant base year. Highest quarterly wage is defined under Section 404(b), 43 P.S. §804(b), as "the total wages (computed to the nearest dollar) which were paid to such employe in that calendar quarter in which such total wages were highest during the base year." Section 404(e) of the Law, 43 P.S. §804(e), in its provisions for computing benefits provides that an employee whose highest quarterly earnings are $3,825.00 can qualify for a weekly benefit rate of $155.00 provided he has total base year earnings of at least $6,120.00. Under the step-down provisions of Section 404(a)(3) of the Law, 43 P.S. §804(a)(3), Claimant would need total base year earnings of $6,000.00 to qualify for benefits.[2] Because Claimant's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*.

[2] The referee actually stepped down four steps in the Benefits Tables rather than three (as the statute directs). Claimant was

base year earnings were below this figure, he was deemed ineligible to receive benefits.

On appeal Claimant contends that although he actually received his severance pay from a former employer in a lump sum payment of $1,125.00 during the fourth quarter of 1983, he was *entitled* to the payment as of December 17, 1982 under a plant closing agreement. Claimant thus maintains that the relevant date for determining when he was paid pursuant to Section 404(b) is the date upon which the severance payment was assignable to him, not the date on which he actually received the money. Claimant further alleges error in the Board's failure to prorate the severance payment "to the weeks immediately following the date that payment was definitely assignable to a payroll period." Claimant's brief, p. 19. Under Claimant's theory, his highest quarterly earnings would be reduced, although his base year earnings would not be substantially reduced and, hence, he would qualify for *some* benefits.

In *Hock v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 517, 413 A.2d 444 (1980) this Court held that an employee who receives severance pay can also receive unemployment compensation benefits. *Hock* opined that severance payments are in recognition of past services to an employer, *id.* at 523, 413 A.2d at 447, and also determined that such payments are remuneration. *Id.* at 524, 413 A.2d at 447.

Section 4(x) of the Law, 43 P.S. §753(x), defines wages as "all remuneration . . . paid by an employer to an individual with respect to his employment. . . ." It is clear from *Hock* that severance pay falls within

---

entitled to step down to a qualifying wage of $6,000.00, not $5,960.00. The error was, however, harmless since Claimant does not qualify under either amount.

this definition, a result Claimant does not dispute. We, thus, proceed to examine his argument that "paid" as that term is used in Section 404(b) means "assignable to" rather than "received". This issue was settled in *Wooley v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 162, 454 A.2d 224 (1983) wherein this Court stated:

> Wages must be included in the quarter in which they were received, not reallocated to the quarter in which they were earned. 'Paid' can not mean 'earned.' Had the legislature intended wages to include income earned but not received, that language would have been used.

*Id.* at 164, 454 A.2d at 225. We adhere to the position stated in *Wooley*.

Claimant, arguing in support of his proposition that paid means assignable to, cites 34 Pa. Code §61.3. This Bureau of Employment Security Regulation provides as follows:

> **Wages**
>
> (a) *Date of payment.* Wages shall be deemed to be paid on the day on which amounts definitely assignable to a payroll period are generally paid by the employer, even though the wages have not actually been reduced to the possession of employes.

This regulation, however, pertains to an employer's reporting of wages for purposes of the collection of the fund and is not relevant to the issue presented here. We are in agreement with the Board that different policy considerations apply in determining when payment occurs under Regulation 61.3 as opposed to Section 404(b) of the Law.

Claimant's other contention, that his severance pay should be pro-rated, must fall as well. Claimant relies

upon Section 404(d) of the Law, 43 P.S. §804(d), which Section provides for pro-rating retirement, annuity, and vacation pay under certain situations. The fact that pro-rating is authorized in certain situations does not mean that it is generally permitted without specific statutory authorization. Indeed, the principle of statutory construction is to the contrary. *See e.g. Young v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 265, 395 A.2d 317 (1978). Moreover, it is critical to note that Section 404(d) relates to deductions from compensation and pertains to employees *who have already been determined to be eligible under Section 404(a).* Thus, Section 404(d) is not a provision under which initial eligibility can be created. *See Claypoole v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 363, 366, 444 A.2d 828, 830 (1982) (distinguishing deductions under Section 404(d) from basic financial eligibility under Section 404(a).

The decision of the Board is affirmed.

ORDER

Now, October 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-233610, dated August 21, 1984 is affirmed.