526 A.2d 467

William P. Lubovinsky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 20, 1986, before Judges BARRY and PALLADINO (P.), and Senior Judge BARBIERI, sitting as a panel of three.

*Mary E. Baloh,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 29, 1987:

This is an appeal by petitioner, William P. Lubovinsky, from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of unemployment compensation benefits pursuant to Section 401(a) of the Unemployment Compensation Law (Law).[1] For the reasons which follow, we vacate and remand.

Petitioner was employed by Modules Corporation (Employer) and last worked during the week ending October 10, 1983.[2] Petitioner filed an application for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,. *as amended,* 43 P.S. §801(a).

[2] Petitioner is currently employed by the Pennsylvania Liquor Control Board on a part-time basis. This employment commenced September 4, 1984.

unemployment compensation benefits with the Office of Employment Security (OES) on December 30, 1984. By document dated January 9, 1985, OES notified the petitioner that he was not financially eligible for benefits because he had only twelve (12) *credit weeks* within his *base year*.[3] On appeal, both the referee and the Board affirmed. Petitioner now appeals to this court.[4]

Section 404(c) of the Law requires that an employe have a minimum of sixteen *credit weeks* during the employe's *base year* in order to be eligible to receive unemployment compensation. Section 4 (g.1) of the Law, 43 P.S. §753(g.1), defines *credit week* as "any calendar week in an individual's base year[5] with respect to which he was paid in employment as defined in this act, remuneration of not less than fifty dollars ($50). Only one credit week can be established with respect to any one calendar week."

Petitioner's December 30, 1984 benefit application fixed his base year as the period beginning July 1, 1983 and ending June 30, 1984 (the last two quarters of 1983 and the first two quarters of 1984). The referee found that the petitioner had twelve credit weeks during the base year. Further, in the "reasoning" section of the referee's opinion, the referee states that one of petition-

---

[3] Section 401(a) refers us to Section 404(c), which requires a minimum of sixteen credit weeks within the base year.

[4] Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

[5] Base year is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." 43 P.S. §753(a). Benefit year is defined as the "fifty-two consecutive calendar weeks beginning on the day an application for benefits is filed." 43 P.S. §753(b).

er's 1984 vacation weeks could be used as a credit week but this would still be insufficient to meet the sixteen week minimum requirement.

The petitioner contends that he is entitled to an additional seven credit weeks. First, he asserts that vacation taken during the weeks ending July 2, 1983; July 17, 1983; and August 14, 1983[6] should count as credit weeks even though he received a lump sum vacation pay on April 14, 1983, outside the base year. Employer did not dispute the petitioner's claim of vacation but the referee failed to make any findings of fact or conclusions of law on this issue. Second, the petitioner asserts that he received a lump sum vacation payment for 1984 on May 10, 1984. Petitioner asserts that since he is no longer employed by Employer, the period of vacation designated by Employer for 1984 is inapplicable and he should be able to apply all four vacation weeks as credit weeks within the base year. The referee rejected this assertion, allowing credit for only the one vacation week scheduled within the base year.[7] We will treat each issue in order.

## 1983 VACATION WEEKS

Relying on *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 172 A.2d 807 (1961), and *Thomas v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 431, 314 A.2d 594 (1974), petitioner asserts that vacation pay must be allocated to the ac-

---

[6] The record indicates that petitioner received five weeks of vacation pay but only four weeks of vacation. Of those four weeks of vacation, three fell within the base year.

[7] The record indicates that Employer had scheduled four 1984 vacation weeks for petitioner. Vacation was scheduled for the weeks ending: June 17, 1984, July 30, 1984, August 6, 1984 and August 19, 1984.

tual vacation period. Therefore, if we were to attribute the vacation pay received outside the base year to the three weeks within the base year, petitioner should be eligible for three additional credit weeks. *See* 43 P.S. §753(g.1).

The Board asserts that our decisions in *Wooley v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 162, 454 A.2d 224 (1983) and *Claypoole v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 363, 444 A.2d 828 (1982), require us to reach the opposite result. *Claypoole* involved a situation where the claimant had been disqualified from receiving unemployment compensation because he had not earned more than twenty percent (20%) of his total base year wages in a quarter other than his highest quarter. 43 P.S. §801(a). This court affirmed the Board, holding that *Piestrak* and *Thomas* are inapplicable to the determination of basic financial eligibility for compensation founded on qualifying base year earnings pursuant to Section 401(a).

Similarly, *Wooley* involved a determination of whether wages earned within the base year but paid outside could be included within the base year. Recognizing the need to be consistent with *Claypoole*, we held: "Wages must be included within the quarter in which they were received, not reallocated to the quarter in which they were earned. 'Paid' cannot mean 'earned.' Had the legislature intended wages to include income earned but not received, that language would have been used." 71 Pa. Commonwealth Ct. at 164, 454 A.2d at 255. Thus, if we adopted the theory urged by the Board, petitioner would get no credit weeks for his 1983 vacation weeks because at the time petitioner received his 1983 vacation pay he was employed and "[o]nly one credit week can be established with respect to any one calendar week." 43 P.S. §753 (g.1).

The legislative intent underlying the financial eligibility requirements of the Law is to "demonstrate a claimant's genuine attachment to the work force." *Lopata v. Unemployment Compensation Board of Review,* 507 Pa. 570, 576, 493 A.2d 657, 661 (1985). Although a claimant is not physically working during his vacation, he is still in the employ of Employer and cannot be considered unemployed. Therefore, for the purpose of determining petitioner's attachment to the labor force, and in particular his credit weeks, the actual vacation period may be counted toward fulfilling the minimum number of credit weeks required by Section 404(c) of the Law.

The question remains as to whether the vacation weeks would be credited when the vacation is actually taken, as asserted by petitioner, or when the vacation pay is received, as espoused by the Board. In *Kephart v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 520, 467 A.2d 1210 (1983), the claimant therein asserted that because he was not paid until July 3, 1980 (within his base year commencing July 1, 1980) for the pay period ending June 27, 1980, he was entitled to an additional credit week within his base year because Section 4(g.1) of the Law defines credit week as "any calendar week in an individual's base year with respect to which he was *paid in employment. . . ."* 43 P.S. §753 (g.1). Concluding that this interpretation ignores reality and the precept of statutory construction that the consequence of a particular interpretation must be considered,[8] we held that the credit week should be allocated to the period when "earned". The same result should obtain in the case at bar.

For whatever reason, employers often give vacation pay to all employes in a lump sum at a specified time

___

[8] Sections 1921-22 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1921-22.

regardless of when their vacation occurs. To require the credit weeks to be taken when paid would, in the case of an employe employed at the time of the payment, require the forfeiture of those credit weeks because the statute does not allow more than one credit week per calendar week. The underlying purpose of the statute, the determination of whether claimant was attached to the work force, would be ignored because an employe on vacation is still employed and attached to the work force.

## 1984 VACATION PAY

As stated above, petitioner was scheduled for four weeks of vacation, only one of which fell within the base year. In his decision, the referee indicated a willingness to grant petitioner an additional credit week for that one week of vacation. However, at both the time that the money was received and when the vacation time was scheduled, petitioner was unemployed. Although the check is labeled vacation pay, there was no vacation and no expected return to work date. Therefore, the money would more properly constitute wages paid for prior service. *See Thomas; Wooley.* Thus, the receipt of this money within the base year would entitle the petitioner to an additional credit week.

## CONCLUSION

If on remand it is found that petitioner was on vacation during the weeks ending July 2, 1983, July 17, 1983, and August 14, 1983, he should be eligible for three additional credit weeks. Coupled with a finding that the 1984 vacation pay would constitute wages in the week received, petitioner would have the minimum sixteen credit weeks necessary under the Law. According-

ly, we vacate the decision of the Board and remand for proceedings consistent with the foregoing opinion.

ORDER

AND NOW, May 29, 1987, the order of the Unemployment Compensation Board of Review is vacated and the matter remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.