548 A.2d 387

Raymond P. Joyce, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

*Richard G. Johnson*, for petitioner.

*James K. Bradley*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 5, 1988:

This is an appeal by Raymond P. Joyce (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision that Claimant's application for benefits was invalid under Section 4(w)(2) of the Unemployment Compensation Law[1] (Law) and directing non-fault recoupment pursuant to Section 804(b) of the Law.[2]

Claimant was last employed by the Koppers Corporation as a security officer at a final rate of pay of $1,634 per month, and his last day of work for that employer was February 28, 1986. Claimant filed his first application for unemployment compensation on March 2, 1986, and was determined eligible to receive $208 per week. Upon expiration of one benefit year, Claimant filed a second application for benefits to be effective March 15, 1987, which was initially approved. The referee found that throughout the period of March 2 to March 15, 1987 (between applications) Claimant had worked and earned wages of $371 from U.S. Security. In addition to these wages earned, the Claimant was paid $3,260 in severance pay in the months of April and May 1986 from Koppers Corporation. The controversy in this case arises out of the characterization of the severance pay as far as it relates to the Claimant's eligibility for continued unemployment benefits.

Under Section 4(w)(2) of the Law an individual must have worked and earned wages in an amount equal to or in excess of six times his weekly benefit rate during the preceding benefit year before his application for a second benefit year can be considered valid. Claimant would have had to work enough hours to earn $1,248 in

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §753(w)(2).

[2] 43 P.S. §874(b).

aggregate wages within the prescribed time frame of the first benefit year in order to validate his application for a second benefit term. Here, Claimant worked and earned wages from U.S. Security only during the period between applications. That amount alone ($371.00) fails to meet the statutory requirements. Accordingly, both the referee and the Board correctly affirmed the Office of Employment Security's (OES) decision to invalidate Claimant's second application for the benefit term beginning March 15, 1987, and impose nonfault overpayment for payments already made.

Claimant contends that the refusal to include his severance pay for calculation purposes was in error. Our scope of review is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Claimant argues that severance pay received by any unemployment compensation recipient during a benefit year falls within the definition of "wages" for the purposes of determining financial eligibility for unemployment compensation, and therefore, the $3,260 in severance pay from the Koppers Corporation exceeds the $1,248 required for his eligibility on a subsequent benefit term. We must disagree.

This Court dealt with a similar situation in *United States Steel Corp. v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 465, 479 A.2d 16 (1984). There we applied Section 4(w)(2) of the Law to a claimant's receipt of vacation pay. We held that vacation pay paid during two successive applications for benefits but not *earned* within that period could not be factored into the relevant statutory formula. As in *U.S. Steel,* the operative language here in interpreting Sec-

tion 4(w)(2) is "worked and earned wages" and it is clear from the facts that Claimant did not work and earn wages from Koppers Corporation during the relevant time period.

Claimant attempts to fortify his argument by citing *Cugini v. Unemployment Compensation Board of Review,* 511 Pa. 264, 512 A.2d 1169 (1986) (plurality opinion) and *Rebo v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 502, 499 A.2d 732 (1985). These two cases, however, dealt with a different provision of the Law.

Claimant also contends that the Board's determination was malicious and that he is, therefore, entitled to an award of counsel fees, and costs. Because we conclude, however, that the Board correctly applied Section 4(w)(2) of the Law in this case, we reject Claimant's contention.

The order of the Board is affirmed.

### ORDER

Now, October 5, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.