IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Wetzel,                          :
                                          : No. 1328 C.D. 2015
                        Petitioner        : Submitted:  December 24, 2015
                                          :
            v.                            :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                        Respondent        :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  February 9, 2016


            David L. Wetzel (Claimant) petitions for review, *pro se*, of the June 9,
2015, order of the Unemployment Compensation Board of Review (UCBR),
affirming the decision of a referee to deny Claimant unemployment compensation
(UC) benefits pursuant to sections 401(c) and 4(w)(2) of the Unemployment
Compensation Law (Law).[1]  The UCBR concluded that Claimant did not make a
valid application for benefits because he did not have earned wages.  We affirm.


            Claimant worked for Baldwin Hardware–Black and Decker (Employer)
until Employer's plant permanently closed on December 6, 2013.  On December 8,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§§801(c), 753(w)(2).

2013, Claimant filed an application for UC benefits. The local service center issued a determination finding Claimant eligible for UC benefits. Upon expiration of that benefit year, Claimant filed a new application for UC benefits on December 7, 2014. On December 10, 2014, the local service center found Claimant financially eligible for UC benefits. On March 10, 2015, Claimant informed the local service center that he had not worked since December 6, 2013. On March 11, 2015, the local service center issued a second determination disapproving Claimant's December 7, 2014, application because Claimant "did not work and earn six times [his] preceding weekly benefit rate (which totals $1938.00) in the period between [his] preceding application date and [his] current application date." (Notice of Determination, 3/11/15, at 1.)

Claimant appealed to the referee who conducted a hearing at which Claimant testified. The referee found that Claimant "had no earnings after filing his 2013 application." (Ref's Findings of Fact, No. 2.) The referee affirmed the denial of UC benefits pursuant to sections 401(c) and 4(w)(2) of the Law. Claimant appealed to the UCBR, which adopted and incorporated the referee's findings of fact and conclusions of law and affirmed. Claimant now petitions this court for review.[2]

Claimant contends that the UCBR erred in failing to consider the severance payments he received from Employer as wages. We disagree.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Section 401(c) of the Law provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed." 43 P.S. §801(c).

Section 4(w)(2) of the Law provides that:

> [a]n application for benefits filed after the termination of a preceding benefit year by an individual shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the beginning of such preceding benefit year and prior to the filing of such application, *worked and earned wages* in "employment" as defined in this act in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year.

43 P.S. §753(w)(2) (emphasis added).

In *Joyce v. Unemployment Compensation Board of Review*, 548 A.2d 387, 388 (Pa. Cmwlth. 1988), this court determined that severance pay was not earned and, thus, may not be used to calculate a claimant's earnings under section 4(w)(2) of the Law.

Here, Claimant's only income during the preceding benefit year came from his severance payments. Because severance payments are not earned, Claimant did not "work[] and earn[] wages in 'employment' . . . during such preceding benefit year." 43 P.S. §753(w)(2). Therefore, the UCBR correctly applied section 4(w)(2) of the Law.

3

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Wetzel,                          :
                                          : No. 1328 C.D. 2015
                    Petitioner            :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                    Respondent            :

# O R D E R

AND NOW, this 9th day of February, 2016, we hereby affirm the June 9, 2015, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge