IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles W. Young,                          :
                                           :
                          Petitioner       :
                                           :
            v.                             : No. 938 C.D. 2016
                                           : Submitted: November 23, 2016
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                          Respondent       :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  February 14, 2017


            Charles W. Young (Claimant), proceeding *pro se*, petitions for review

of an order of the Unemployment Compensation Board of Review (Board) that

affirmed the decision of a referee denying unemployment compensation (UC)

benefits on the basis that Claimant is financially ineligible under Sections 401 and

404(a) of the Unemployment Compensation Law (Law).[1]  Claimant contends the

Board erred in determining he was financially ineligible, and it capriciously

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801, 804.  These sections were recently amended by the Act of November 3, 2016, P.L. 1100 (Act 144).  However, Section 14(1)(ii) of Act 144 provides that the amendments to Sections 401(a)(2) and 404(a)(1) of the Law shall apply only to benefit years that begin *after* December 31, 2016.  Consequently, the new amendments are inapplicable to Claimant. Therefore, we rely on the provisions in effect from January 1, 2013, to November 2, 2016.

disregarded competent evidence in calculating his highest quarterly base-year wages. Discerning no error, we affirm.

Claimant applied for benefits following his separation from employment from Guardian OFS, LLC (Guardian). Claimant's separation from work is not an issue in this appeal. The UC service center denied Claimant's application for benefits finding him financially ineligible for benefits. Claimant appealed. Initially, the referee dismissed Claimant's appeal as untimely. On further appeal, the Board vacated and remanded the matter to the referee to hold a hearing on timeliness as well as the merits of the claim.

At the referee's hearing, Claimant and a witness for Guardian appeared. Claimant testified and presented evidence. The referee returned the record to the Board. The Board made findings of fact and conclusions of law. The Board accepted Claimant's appeal as timely and made the following findings on the merits of financial eligibility.

Claimant filed his application for benefits effective January 3, 2016, thereby establishing a base year consisting of the fourth quarter of 2014 and the first three quarters of 2015. Claimant worked for two employers during his base year: Guardian and Heritage Environmental Services (Heritage). Claimant earned the following:

| Quarter | Employer | Amount |
|---|---|---|
| Fourth Quarter 2014 | Heritage | $7,390.20 |
| First Quarter 2015 | Heritage | $2,027.26 |
| | Guardian | $11,120.00 |
| Second Quarter 2015 | Guardian | $3,744.00 |

| Third Quarter 2015 | | $0.00 |
|---|---|---|

Claimant had a highest quarter of $13,147.26 in the first quarter of 2015 and total base year wages of $24,281.46. Board Opinion, 5/20/16, Findings of Fact (F.F.) Nos. 3-4.

The Board determined Claimant did not satisfy sufficient base year wages for UC eligibility under Sections 401 and 404 of the Law. The Board explained a claimant must be paid 49.5% of his wages in a quarter or quarters other than the high quarter to be eligible for benefits. Claimant's highest quarterly base year wages amounted to $13,147.26. Thus, in order to qualify for benefits, Claimant's total base year wages needed to be at least $26,064.00. Claimant's total base year wages of $24,281.46 fell short of the qualifying amount. Alternatively, a claimant may qualify for benefits if his base year wages are sufficient to qualify him for any one of the next two lower weekly benefit rates. However, the second lower weekly benefit rate of $526 required total base year wages of $25,965. Again, Claimant's base year wages missed the mark. Thus, the Board concluded Claimant was financially ineligible for UC benefits.

Claimant's petition for review to this Court followed.[2] Claimant argues the Board erred and capriciously disregarded evidence. Claimant asserts

---

[2] Our review of the Board's decision that Claimant is financially ineligible for benefits is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law and whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 25 n.7 (Pa. Cmwlth. 2012). Review for capricious disregard of material evidence is an appropriate component for appellate review in every case in which such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002); *see Diehl v.*
**(Footnote continued on next page…)**

that he earned the wages from Heritage in 2014, not 2015. At the hearing, Claimant testified "I stated that the monies that I got from the W-2 from Heritage, [but I] did not physically work for them [sic] in 2015." Referee's Hearing, 4/29/16, Notes of Testimony (N.T.) at 2. He contends the Board's calculation of the first quarter of 2015 should not have included payment he received from Heritage for work performed in the fourth quarter of 2014. Rather, he claims the Heritage wages should have been included in calculation of his wages for the fourth quarter of 2014. He asserts that if the Heritage wages are applied to the quarter in which the wages were earned, he would be financially eligible for UC benefits.

We begin by noting that it is Claimant's burden to prove that he is financially eligible for benefits. *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 (Pa. Cmwlth. 2014). To establish financial eligibility, a claimant must meet the earnings requirements of Sections 401 and 404 of the Law for his base year. *Id.*

Former Section 401(a) of the Law provides:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(a) Satisfies both of the following requirements:

(1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act[, 43 P.S. §804(c)].

---

**(continued…)**

*Unemployment Compensation Board of Review*, 4 A.3d 816, 824 (Pa. Cmwlth. 2010), *reversed on other grounds*, 57 A.3d 1029 (Pa. 2012).

4

(2) Except as provided in section 404(a)(3), ***not less than forty-nine and one-half per centum (49.5%)*** of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

*Former* 43 P.S. §801(a) (emphasis added).[3]

Section 404 directs how compensation shall be paid to eligible employees. 43 P.S. §804. Specifically, former Section 404(a)(1) of the Law provides:

> The employe's weekly benefit rate shall be computed as (1) the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part A there appears his "highest quarterly wage," or (2) fifty per centum (50%) of his full-time weekly wage, whichever is greater. Notwithstanding any other provision of this act, if an employe's weekly benefit rate, as calculated under this paragraph, is less than seventy dollars ($70), he shall be ineligible to receive any amount of compensation. If the employe's weekly benefit rate is not a multiple of one dollar ($1), it shall be rounded to the next lower multiple of one dollar ($1).

*Former* 43 P.S. §804(a)(1).[4]

---

[3] The current version of the Law now provides:

> (2) Except as provided in section 404(a)(3) and (e)(1) and (2), not less than thirty-seven per centum (37%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

43 P.S. §801(a)(2). Unfortunately, the amended language, which reduced the percentage, is inapplicable to Claimant.

[4] The current version of the Law now provides:

**(Footnote continued on next page…)**

5

The crux of the issue is the Board's interpretation of base-year wages under Section 4 of the Law, 43 P.S. §753, in the computation of the formulas under Sections 401 and 404. Section 4(x) provides that "'[w]ages' means all remuneration . . . *paid* by an employer to an individual with respect to his employment . . . ." 43 P.S. §753(x) (emphasis added); *see also* 34 Pa. Code §61.3 ("Wages are considered paid on the date when the employer actually pays them."). In denying benefits, the Board interpreted "paid" to mean "received."

Claimant argues that the computation of his quarterly wages should be based on when the wages were earned during the base-year, not when they were paid. However, this Court has previously considered and rejected this argument. *See Wooley v. Unemployment Compensation Board of Review*, 454 A.2d 224, 225 (Pa. Cmwlth. 1983); *Claypoole v. Unemployment Compensation Board of Review*, 444 A.2d 828, 830 (Pa. Cmwlth. 1982).

In *Wooley*, we held that wages must be included in the quarter in which they were received, not reallocated to the quarter in which they were earned.

---

**(continued…)**

> (a)(1) The employe's weekly benefit rate shall be computed as (1) the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part A there appears his "highest quarterly wage," or (2) fifty per centum (50%) of his full-time weekly wage, whichever is greater. Notwithstanding any other provision of this act, if an employe's weekly benefit rate, as calculated under this paragraph, is less than sixty-eight dollars ($68), he shall be ineligible to receive any amount of compensation. If the employe's weekly benefit rate is not a multiple of one dollar ($1), it shall be rounded to the next lower multiple of one dollar ($1).

43 P.S. §804(a)(1).

6

*Wooley*, 454 A.2d at 225. "Paid" does not mean "earned." *Id*. We explained: "Had the legislature intended wages to include income earned but not received, that language would have been used." *Id*.

Similarly, in *Claypoole*, we refused to reallocate vacation pay received in June to the subsequent quarter in which the vacation period occurred. *Claypoole*, 444 A.2d at 830. We concluded vacation pay was to be included in the quarter in which it was received. *Id*.

In *Martin v. Unemployment Compensation Board of Review*, 466 A.2d 107, 114 (Pa. 1983), our Supreme Court examined the general purpose behind the requirement that a claimant earn a percentage of base year earnings outside of his highest quarter as criterion for eligibility. The Supreme Court observed:

> [v]arious methods have been adopted in the numerous jurisdictions which require claimants to earn a percentage of qualifying wages outside their highest quarter as an alternative measure for actual time worked because of the difficulty of obtaining accurate statistics for the latter. All such methods are only rough measures of time actually worked, since the amount of a claimant's earnings in any period is a function of both time and rate of compensation. They have, nevertheless, survived constitutional challenge. Thus, the rational relationship between the requirement that a claimant earn a percentage of income outside the highest quarter to a legitimate government interest is not disputed.

*Martin*, 466 A.2d at 114-115 (citation omitted). The Court concluded that "inequities in the distribution of benefits are an unfortunate concomitant of complex economic-social welfare legislation which must ultimately reflect a balance between legislative efforts to eliminate an evil, e.g., the debilitating effects

7

of unemployment, administrative realities and the problem of allocating scarce financial resources in a complex society." *Id*. at 119.

Here, although Claimant earned the wages at issue during the fourth quarter of 2014, the fact remains that Heritage did not pay Claimant until the first quarter of 2015. Claimant did not allege that Heritage delayed paying him. *See* 34 Pa. Code §61.3(a)(2) ("For purposes of benefits, if payment of wages is delayed, the wages are considered paid on the date when the employer generally pays amounts definitely assignable to a payroll period."); *see, e.g., Gibson v. Unemployment Compensation Board of Review*, 682 A.2d 422 (Pa. Cmwlth. 1996) (for purposes of determining whether claimant was financially eligible for benefits, wages paid on last day of first quarter, a Thursday, should have been deemed to have been paid on Friday, the first day of the second quarter, where claimant was routinely paid on Fridays).

The Board properly included the Heritage payment in calculating the first quarter wages of 2015, and properly applied the calculation formulas in Sections 401(a) and 404 of the Law in determining Claimant did not qualify for benefits. As this Court has observed, "Sections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation." *Devine*, 101 A.3d at 1239. Although it is unfortunate that this interpretation results in the denial of Claimant's application for UC benefits, we are compelled to conclude that the Board did not err or disregard the evidence in determining that he failed to meet the financial eligibility requirements under the Law.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles W. Young, : 
 : 
               Petitioner : 
 : 
      v. : No. 938 C.D. 2016
 : 
Unemployment Compensation : 
Board of Review, : 
 : 
           Respondent : 

# O R D E R

AND NOW, this 14th day of February, 2017, the order of the Unemployment Compensation Board of Review, dated May 20, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge